**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael V Withers,<br><br>  Plaintiff,<br><br>v.<br><br>Beecken Petty O'Keefe & Company, et al.,<br><br>  Defendant. | No. CV-17-03391-PHX-SPL (JZB)<br><br>**ORDER** |

Pending before the Court are four Motions: (1) Plaintiff's Motion to Compel Disclosure of Evidence (doc. 24), (2) Plaintiff's Second Motion to Compel Discovery (doc. 30), (3) Plaintiff's Motion for Sanctions (doc. 32); and (4) Plaintiff's Motion to Extend Dates for Discovery (doc. 36). The Court will deny each motion.

**I.  Background.**

On September 6, 2017, Plaintiff Michael V. Withers, who is confined in the Arizona State Prison Complex-Florence, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (doc. 1) in the United States District Court for the Middle District of Tennessee, and paid the filing fee. On September 28, 2017, that court found that venue was improper in the Middle District of Tennessee and directed that the matter be transferred to this Court. (Doc. 2.) This action was subsequently opened. On January 16, 2018, the Court dismissed Plaintiff's Complaint with leave to amend because Plaintiff had failed to comply with Rule 3.4 of the Local Rules of Civil Procedure. (Doc. 5.)

On January 25, 2018, the Plaintiff filed a First Amended Complaint. (Doc. 6.) After Screening, the Court ordered Defendants Corizon and Grafton-Burns to answer Count One, but dismissed the Complaint's remaining allegations (Counts Two through Six) and Defendants without prejudice. (Doc. 7.) On May 3, 2018, Plaintiff filed a second Motion to Amend. (Doc. 8.) On June 4, 2018, this Court denied the motion, finding that it substantially restated the same allegations in the first amended complaint without correcting any of its deficiencies. (Doc. 15 at 3.) On July 2, 2018, Plaintiff filed his third Motion to Amend. (Doc. 18.) The Court has not yet ruled on that motion.

On July 10, 2018, this Court filed a Scheduling Order, which instructed that the parties "shall not file motions concerning a discovery dispute without first seeking to resolve the matter through personal or telephonic consultation and sincere effort as required by Rule 37(a) of the Federal Rules of Civil Procedure and Rule 7.2(j) of the Local Rules of Civil Procedure." (Doc. 21 at 2.) On August 14, 2018, Defendants filed a Notice of Service of Discovery, wherein Defendants gave notice that they timely served Plaintiff with relevant discovery responses. (Doc. 23.)

On September 4, 2018, Plaintiff filed his first Motion to Compel Disclosure of Evidence ("Plaintiff's First Motion"). (Doc. 24). On September 18, 2018, Defendants filed a Response to Plaintiff's Motion to Compel. (Doc. 26.) The Court has not yet ruled on Plaintiff's First Motion. Plaintiff subsequently filed a second Motion to Compel Discovery on November 9, 2018 ("Plaintiff's Second Motion"). (Doc. 31.) That same day, Plaintiff filed a Motion for Sanctions. (Doc. 32.) On October 26, 2018, Plaintiff filed a "Motion to Extend Dates[,]" seeking a 90-day extension for the Court issued deadlines of fact discovery, dispositive motions, and motions to amend. (Doc. 36.) The Court will address each of Plaintiff's motions below.

**II.  Plaintiff's Motions to Compel.**

Plaintiff has filed two Motions to Compel. (Docs. 24; 30.) District courts have broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). A motion to compel discovery "must include a certification that the movant has in

good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); L.R. Civ. 7.2(j); *see also Lathan v. Ducart*, No. 16-15633, 2017 WL 4457198, at *1 (9th Cir. Oct. 4, 2017) ("The district court did not abuse its discretion by denying [plaintiff's] motion to compel discovery because [plaintiff] failed to meet and confer with defendants.") (citation omitted). In their Response, Defendants argue that Plaintiff's First Motion does not comply with Local Rule 7.2(j) because the parties did not first seek "to resolve the matter through personal or telephonic consultation and sincere effort" as required by the rule. (Doc. 26 at 1.) This Court agrees.

The record does not indicate, nor does the Plaintiff identify in either of his motions, requests for a discovery conference or any other efforts to meet and confer by either party. To be sure, Plaintiff mentions in his subsequent Motion for Sanctions that he "spoke to [Defendant's counsel] for about 60 minutes." (Doc. 32 at 1.) However, Plaintiff fails to identify whether the conversation occurred before his Motions to Compel, or whether his intent to file Motions to Compel was discussed with Defendants at all during the alleged conversation. The Court finds Plaintiff has failed to satisfy the procedural requirements of Rule 7.2(j) and this Court's Scheduling Order. Accordingly, the Court will deny both Motions to Compel.

**III. Plaintiff's Motion for Sanctions.**

Plaintiff has also filed a Motion for Sanctions. (Doc. 32.) In his motion, Plaintiff alleges that "in bad faith, to harass, to prevent inmates from presenting their evidence, to prevail by concealing evidence, counsel is thwarting discovery efforts." (Doc. 32 at 2.) Plaintiff argues that, in addition to granting both Motions to Compel, the Court should order Defendant to pay the Court for "having to extend its judicial resources in resolving this matter." (*Id.*) Because Plaintiff has failed to meet the procedural requirements for his Motions to Compel, and because the Court accordingly denies both motions, Plaintiff fails to identify any bad faith conduct on behalf of Defendants such that sanctions are warranted. Accordingly, the Court will deny Plaintiffs Motion for Sanctions.

### IV. Motion to Extend Dates.

Plaintiff has filed a "Motion to Extend Dates[,]" seeking a 90-day extension for the Court issued deadlines of fact discovery, dispositive motions, and motions to amend. (Doc. 36.) Plaintiff fails to provide good cause as to why such an extension is necessary. Accordingly, the Court will deny the Motion.

**IT IS ORDERED**:

1. Plaintiff's Motions to Compel (docs. 24, 30) are **denied**.
2. Plaintiff's Motion for Sanctions (doc. 32) is **denied.**
3. Plaintiff's Motion to Extend Dates (doc. 36) is **denied**.

Dated this 30th day of October, 2018.

Honorable John Z. Boyle
United States Magistrate Judge