**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael V Withers,<br><br>Plaintiff,<br><br>v.<br><br>Beecken Petty O'Keefe & Company, et al.,<br><br>Defendants. | No. CV-17-03391-PHX-DWL (JZB)<br><br>**ORDER** |

On February 14, 2019, Magistrate Judge Boyle issue an order ("the Order") resolving five categories of non-dispositive motions that had been filed by Plaintiff. (Doc. 74.) Specifically, Judge Boyle (1) denied Plaintiff's motions for leave to conduct depositions (Docs. 55, 56, and 58), (2) denied Plaintiff's motion for leave to issue a subpoena duces tecum (Doc. 59), (3) granted in part and denied in part Plaintiff's motions to modify the scheduling order (Docs. 57, 73), (4) granted Plaintiff's motion for more time to serve a particular defendant (Doc. 60), and (5) granted Plaintiff's motion to take "judicial notice" of a court order issued in *Parsons v. Ryan* and several associated documents (Docs. 62, 68). Afterward, Plaintiff filed written objections to the Order. (Doc. 78.) As explained below, the Court will overrule Plaintiff's objections.

I. <u>Background</u>

On September 6, 2017, Plaintiff filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.)

On January 16, 2018, the Court issued an order dismissing the complaint for failure to comply with Rule 3.4 of the Local Rules of Civil Procedure and giving Plaintiff 30 days

to file an amended complaint. (Doc. 5.)

On January 25, 2018, Plaintiff filed a first amended complaint. (Doc. 6.)

On April 23, 2018, the Court issued a screening order in which it dismissed Counts 2-6 of the first amended complaint but concluded that "Plaintiff has sufficiently alleged an Eighth Amendment medical care claim against Corizon and Grafton-Burns in Count One, and those Defendants will be required to answer . . . ." (Doc. 7 at 3-7.)

Since then, Plaintiff has filed an array of unmeritorious motions. In an order issued on June 4, 2018 (*see* Doc. 15), the Court denied (1) Plaintiff's motion to amend (Doc. 8), (2) Plaintiff's motion to appoint counsel (Doc. 8), and (3) Plaintiff's motion to extend time (Doc. 14).

Next, in an order issued on October 30, 2018 (*see* Doc. 37), the Court denied (1) Plaintiff's first motion to compel (Doc. 24), (2) Plaintiff's second motion to compel (Doc. 30), (3) Plaintiff's motion for sanctions (Doc. 32), and (4) Plaintiff's motion to extend dates (Doc. 36).

Following the issuance of this order, Plaintiff filed the following motions: (1) a renewed motion to appoint counsel (Doc. 39), (2) a motion for assistance (Doc. 40), and (3) a third motion to compel (Doc. 41).

On December 21, 2018, Magistrate Judge Boyle issued an order denying those motions in significant part. (Doc. 48.)

On January 2, 2019, Plaintiff filed written objections to Judge Boyle's December 21, 2018 order. (Doc. 61.)

On February 6, 2019, the Court issued an order overruling those objections. (Doc. 71.)

II.  Legal Standard

Under Rule 72(a) of the Federal Rules of Civil Procedure, when a magistrate judge issues an order resolving a non-dispositive motion, "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider

timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law."

III.  Analysis

On February 25, 2019, Plaintiff filed objections to the Order. (Doc. 78.)

First, Plaintiff challenges the portion of the Order granting his motion for "judicial notice" of documents in and concerning the *Parsons v. Ryan* case. He contends this portion of the Order "shows judicial vindictiveness," and he accuses Magistrate Judge Boyle of "using strict construction as opposed to liberal construction, thereby denying me procedural due process." (*Id.* at 1-2.) This objection will be overruled—Judge Boyle granted Plaintiff's request to take judicial notice of the documents at issue.

Second, Plaintiff challenges the portion of the Order denying his request to conduct depositions. (*Id.* at 2.) He contends "[t]here is no requirement that any showing of necessity be made for Rule 31 written depositions." (*Id.*) This objection will be overruled. The scheduling order in this case provided that, "[d]ue to logistical issues, self-represented incarcerated parties may not take depositions without first obtaining the Court's permission, which will only be granted upon a showing of exceptional circumstances." (Doc. 21 at 2.) This limitation was correctly imposed. *See generally Klingele v. Eikenberry*, 849 F.2d 409, 412 n.1 (9th Cir. 1988) (observing that "a pro se prisoner . . . might not have the means to take depositions"); *Andrich v. Arpaio*, 2017 WL 3283386, *8 (D. Ariz. 2017) (denying *pro se* prisoner's request to conduct a Rule 31 deposition by written questions). And as Judge Boyle correctly found, "Plaintiff has failed to demonstrate exceptional circumstances why his requested depositions should be permitted." (Doc. 74 at 3.)

Third, and finally, Plaintiff challenges the portion of the Order denying his request to issue a subpoena duces tecum. (Doc. 78 at 2-3.) He contends that, in his motion, he "clearly set[] forth the documents requested and their reasons." (*Id.*) This objection will be overruled. As Judge Boyle correctly noted, General Order 18-19 requires a self-represented litigant wishing to serve a subpoena to comply with a number of procedural

| | |
|---|---|
| 1 | requirements, including "attach[ing] a copy of the proposed subpoena" to the motion and |
| 2 | "stat[ing] with particularity the reasons for seeking the testimony and documents." |
| 3 | Plaintiff failed to meet those requirements here. His one-page motion (Doc. 59) merely |
| 4 | stated that he wished to issue a subpoena "[f]or these records," without identifying the |
| 5 | particular records being sought or explaining why they were relevant, and didn't include a |
| 6 | copy of the proposed subpoena. |
| 7 | Accordingly, **IT IS ORDERED** that Petitioner's objections to the Order (Doc. 78) |
| 8 | are **overruled**. |
| 9 | Dated this 13th day of March, 2019. |

_____
Dominic W. Lanza
United States District Judge